**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jorge Antonio BURRUEL–BOJOR-QUEZ, aka Jorge Ramiro Miranda–Salazar, Defendant—Appellant.**

No. 07–10114.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 28, 2008.

Bradley Giles, USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Peter B. Keller, Esq., Keller & Postero, Tucson, AZ, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Jorge Antonio Burruel–Bojorquez appeals from the 120–month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), and 846, and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Burruel–Bojorquez contends that the district court erred by denying him safety valve relief. The district court denied relief because Burruel–Bojorquez failed to truthfully provide the government all the information and evidence he had concerning the offense by the time of the sentencing hearing. *See* 18 U.S.C. § 3553(f)(5). We conclude that the district court did not clearly err in finding that Burruel–Bojorquez failed to meet this criterion. *See United States v. Mejia–Pimental,* 477 F.3d 1100, 1105 (9th Cir.2007) (explaining good faith effort under § 3553(f)(5) requires a defendant to provide the government with truthful and complete information by the time of the sentencing hearing); *see also United States v. Ajugwo,* 82 F.3d 925, 929 (9th Cir.1996) (affirming denial of safety valve reduction where district court found that defendant had not been as forthcoming as she could have been).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.